UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PAMELA SPAIN, *et al.*, } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 7:23-cv-1681-RDP |
| } | |
| HUNTER BICE, *et al.*, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Remand filed by Defendants/Crossclaim Plaintiffs Hunter Bice and Shannon Bice. (Doc. # 4). For the reasons provided below, the Motion to Remand (Doc. # 4) is due to be granted.

**I.    Background**

This action stems from a multi-vehicle accident alleged to have occurred in Bibb County, Alabama on November 1, 2019, in which Hunter Bice, a minor under Alabama law at the time of the accident, was injured. (Doc. # 1). Plaintiffs Pamela Spain, Jack Kendrick, Calera Industrial Supply, LLC, Sentry Insurance, and Alfa Mutual Insurance filed this action as a Bill of Interpleader in the Circuit Court of Bibb County on August 11, 2020. (*Id.*). The Plaintiffs initially named Hunter Bice, Shannon Bice (collectively with Hunter Bice, "the Bices"), Royce McKinney, United Healthcare Insurance ("United"), and Optum Corporation as Defendants. (*Id.*). On September 14, 2020, Argos USA Employee Benefit Plan ("the Plan"), a self-funded health and welfare benefit plan sponsored by Argos, answered the Bill of Interpleader. (*Id.* at 19-29). The Plan asserted that it provided healthcare coverage to Hunter Bice while United was a third-party administrator of the Plan and Optum was retained by United to collect the Plan's subrogation interest. (*Id.*). The Plan

also alleged that the Employee Retirement Income Security Act of 1974 ("ERISA") governs its subrogation and reimbursement rights, subjects the Plan to exclusive federal jurisdiction, and that all state laws are preempted. (*Id*.). Plaintiffs subsequently added the Plan as a Defendant in this action. (*Id*.).

According to United and the Plan, the Interpleader action sat dormant for three years as the Bices pursued a personal injury action based on the accident referenced above. (Doc. # 6; *See Bice v. Spain*, No. cv-2019-900120, Circuit Court of Bibb County, Alabama). Once the underlying case settled, the Interpleader action became active. (*Id.*). Following the personal injury settlement, Plaintiffs dismissed McKinney as a Defendant. (Doc. # 1 at 201). Plaintiffs also paid the entirety of the insurance proceeds that were the focal point of the Interpleader action to Hunter Bice rather than interplead them. (Doc. # 8 ¶ 2).

On September 27, 2023, the Bices filed (1) a crossclaim against United for compensatory and punitive damages and (2) a third-party claim against UAB[1] seeking a declaratory judgment to invalidate UAB's lien, which was related to the medical treatment Hunter Bice received. (Doc. # 4-5). The Bices also claimed, in the alternative, "that if UAB submitted an accurate and properly coded claim to United, then United has breached its contract with the Bices by failing to pay the health insurance claims," which "also…constitutes a bad faith failure to pay an insurance claim." (*Id.* ¶¶ 9-10).

The Bices amended their crossclaim on November 10, 2023 and added the Plan as a crossclaim defendant. (Doc. # 1 at 219-34). In their amended pleading, the Bices requested: (1) a declaratory judgment that UAB's lien is not valid; (2) a declaratory judgment that requires United

---

[1] Hunter Bice and Shannon Bice assert a third-party claim against the Board of Trustees of the University of Alabama for its Division Hospital located in Birmingham, Alabama ("UAB").

or the Plan pay the unpaid medical bills from UAB or its affiliates; and (3) compensatory and punitive damages against United or the Plan as may be determined at a trial. (Doc. # 4-8).

On December 11, 2023, United and the Plan filed their Notice of Removal, which is based on the amended crossclaim. (Doc. # 1). United and the Plan assert that the claims and requested relief included in the November 10, 2023 pleading are subject to ERISA, and thus fall under the court's federal question jurisdiction. (*Id.* at ¶ 6; Doc. # 6 at 6). While United and the Plan obtained Optum Corporation's consent to remove the case, the removing parties did not seek nor obtain consent from any other party. (Docs. # 6 at 13-16; 7 at 1; 8 at 1).

## II.   Standard of Review

Because district courts possess limited jurisdiction, the court has an obligation to inquire into its own jurisdiction. *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no exception to . . . [this] obligation." *Id.* Under 28 U.S.C. §§ 1441 and 1446, a defendant may remove an action brought in state court to a United States district court that has original jurisdiction – either through federal question jurisdiction (§ 1331) or diversity of citizenship jurisdiction (§ 1332). As relevant here, federal question jurisdiction exists for cases that "aris[e] under" federal law. 28 U.S.C. § 1331. And a case arises under federal law only if the presence of a federal question is clear from the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). However, the mere existence of an anticipated federal defense is insufficient to support federal question jurisdiction. *See id.* at 393.

A removing party bears the burden of establishing the federal court's subject matter jurisdiction over a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). And, in the context of a motion for remand, the party opposing remand has the burden to establish that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th

3

Cir. 1998). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *see Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after . . . notice of removal under section 28 U.S.C. § 1446(a) [is filed]." 28 U.S.C. § 1447(c). And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*.

"When a civil action is removed solely on the basis of federal question jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal of the action." *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (per curiam) (citing 28 U.S.C. § 1446(b)(2)(A)). This requirement is known as the "unanimity rule." *Id.* A removing defendant's failure to comply with the unanimity rule constitutes a procedural defect. *Id.*; *Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1202 (11th Cir. 2019) ("The failure to join all defendants in the petition is a defect in the removal procedure."). However, a technical defect related to the unanimity requirement may be cured if the defendant whose consent was not obtained clearly communicates its desire to be in federal court. *See Stone*, 609 F. App'x at 981 ("Although [the defendant] did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule.").

**III.   Analysis**

The Bices argue that remand is proper in this case for several reasons. First, they assert that

a crossclaim cannot serve as the basis for removal to federal court. Second, they contend that removal was improper because all defendants did not consent to the removal. Third, the Bices claim that the removal was untimely. Fourth, they argue remand is required because United and the Plan failed to comply with 28 U.S.C. § 1446. And finally, the Bices argue that United and the Plan waived any right to assert an ERISA preemption argument.

The court finds that a crossclaim cannot authorize removal and, even if it could, United and the Plan's Notice of Removal violates the unanimity rule. And because the court must resolve all doubts about jurisdiction in favor of remand, *see City of Vestavia Hills,* 676 F.3d at 1313, this case is due to be remanded back to state court.

### A.     United and the Plan cannot remove this action based on a crossclaim.

Neither party has cited -- and the court is unaware of -- any binding precedent that squarely addresses the issue of whether a defendant may remove an action based on a crossclaim. However, existing precedent related to the removal of counterclaims is instructive.

Section 1441 provides, in relevant part: "[A]ny civil action brought in a State court of which the district courts…have original jurisdiction[] may be removed by the defendant or defendants…" 28 U.S.C. § 1441(a). However, "[section] 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019); *Bowling v. U.S. Bank Nat'l Assoc.*, 963 F.3d 1030, 1040 (11th Cir. 2020) (extending *Home Depot* to hold that a third-party counterclaim defendant could not remove under 28 U.S.C. § 1441(c)); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2009) ("[A] counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction."); *Vaden v. Discovery Bank*,

556 U.S. 49, 66, 129 S. Ct. 1262, 1269 (2009) ("[A] counterclaim . . . does not provide a key capable of opening a federal court's door.").

In *Home Depot*, the Supreme Court gave six reasons why a counterclaim defendant cannot remove an action, regardless of whether the counterclaim defendant was originally a party to the action or was later joined by a third-party claim. *See Bowling,* 963 F.3d at 1036 (citing *Home Depot*, 139 S. Ct. at 1748-49). At least four of those reasons apply here.

First, section 1441(a) "refers to 'civil action[s]' not 'claims.'" *Bowling*, 963 F.3d at 1036 (quoting *Home Depot*, 139 S. Ct. at 1748). The question a district court must ask in a situation like this is whether it would have jurisdiction over the plaintiff's complaint had the plaintiff chosen to file that complaint in federal court. *Id.* at 1037 (citing *Home Depot*, 139 S. Ct. at 1748). In the counterclaim context, "the defendant to [the] action is the defendant to [the] complaint, not a party named in a counterclaim." *Id.* "[C]ounterclaims are 'irrelevant' to determining whether a district court has 'original jurisdiction' over a civil action." *Id.* (internal citations omitted).

Second, the meaning of "defendant" in related contexts does not include third-party counterclaim defendants. *Id.* (citing *Home Depot*, 139 S. Ct. at 1749). Therefore, it follows that crossclaim defendants are not defendants. For example, Federal Rules of Civil Procedure 12 and 14 both differentiate between plaintiffs and defendants who become third-party or counterclaim plaintiffs and third-party or counterclaim defendants. *Id.*

Third, as the Supreme Court explained in *Shamrock Oil & Gas Corp. v. Sheets*[2], a counterclaim does not "constitute a different action with a new plaintiff and a new defendant." *Bowling*, 963 F.3d at 1037 (citing *Home Depot*, 139 S. Ct. at 1749).

---

[2] 313 U.S. 100 (1941)

Finally, "the limits Congress imposed on removal show that it did not intend to allow all defendants an unqualified right to remove." *Home Depot*, 139 S. Ct. at 1749.

These reasons apply with equal force to a party's attempt to remove a crossclaim. *See Smith v. We'll Clean, Inc.*, No. 19-cv-4098, 2020 WL 1077693, at *3 (N.D. Ill. Mar. 6, 2020) (holding that, under *Home Depot*, a defendant could not remove based on a crossclaim); *Salazar v. Bd. of Regents of N.M. Mil. Inst.*, No. 1-cv-01029, 2022 WL 1014959, at *3 (D.N.M. Apr. 5, 2022) ("[T]he right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, crossclaims, and third-party claims cannot be the basis for removal under [section] 1441(a).") (internal quotation marks and citations omitted); *Li v. Mummah*, No. 22-CV-07626-NC, 2023 WL 336606, at *2 (N.D. Cal. Jan. 20, 2023) ("If Congress wanted to write a statute permitting cross-claim defendants to remove cross-claims to federal court it could do so. It has not."). Like a counterclaim, a crossclaim is not a "*civil action* over which the [c]ourt would have had original jurisdiction." *Smith*, 2020 WL 1077693, at *3 (emphasis in original). Nor does a crossclaim create a separate, removable civil action. *See Bowling*, 963 F.3d at 1037 (citing *Home Depot*, 139 S. Ct. at 1749). Because the court finds that a crossclaim does not create federal question jurisdiction, this case is due to be remanded back to state court.

**B.     The parties are not due to be realigned.**

While United and the Plan appear to concede that removal cannot be based on a crossclaim, they nevertheless argue that the court should realign the parties and then reassess removal. That is, they propose that the court align the Bices and UAB on one side with United and the Plan on the other in light of "the only true live dispute remaining amongst the parties in the disagreement." (Doc. # 6 at 7, 9).

7

"[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia*, 676 F.3d at 1313. In doing so, district courts should "look beyond the pleadings[] and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69, 62 S. Ct. 15, 17 (1989). But here, based on the Bill of Interpleader, the parties are already properly aligned according to their interests. And, while Plaintiffs state that their interests are terminated in this action, they have yet to be dismissed and thus remain parties in the litigation.

In any event, in order to have the power to realign the parties as requested by United and the Plan, the court would first need to have jurisdiction over the subject matter of the action. Only then could it dismiss Plaintiffs and realign the crossclaim plaintiffs and defendants. After that realignment, it would be for the court to determine whether UAB is more appropriately situated as a plaintiff or defendant. All this shows that what United and the Plan are asking the court to do is not simply to realign the parties, but to bypass procedural requirements. The court has neither the inclination nor the power to do so.

### C. The petition for removal violates the unanimity rule.

Finally, as previously mentioned, removal based on federal question jurisdiction is proper when *all defendants* consent to remove the action. *Stone*, 609 F. App'x at 981 (citing 28 U.S.C. § 1446(b)(2)(A)). Absent the consent of all defendants to the removal, there is a procedural defect. *Id.*; *Overlook Gardens Props., LLC*, 927 F.3d at 1202-03. Here, the Bices, as defendants to the original state court action, actively oppose removal. In response to the Bices' lack of consent, United and the Plan argue that the Bices are merely "nominal defendants" whose consent is unnecessary. The nominal party exception to the unanimity rule provides that parties who are neither necessary nor indispensable need not join removal in order for a party to properly remove

a case. *In re Ashcraft*, No. 2:13-cv-00623-WMA, 2013 WL 2443843, at *2 (N.D. Ala. June 3, 2013) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)[3]). But, this exception is inapplicable here. Contrary to the assertions of United and the Plan, the Bices have a material interest as defendants in the state court action, making them necessary parties. Therefore, this case is due to be remanded because all defendants in the state court action did not consent to removal.

## IV.   Conclusion

For the reasons stated above, Hunter Bice and Shannon Bice's Motion to Remand (Doc. # 4) is due to be granted.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this June 24, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

---

[3] The Eleventh Circuit recognizes that Fifth Circuit decisions rendered prior to the close of business on September 30, 1981 are binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).